**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL F. MCGARRY,**

                **Plaintiff,**

                **v.**                **Civil No. 6:00-CV-1216 (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**             **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Paul F. McGarry, *Pro Se*
P.O. Box 553
Ithica, New York 14851

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY     WILLIAM H. PEASE
United States Attorney         Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

## **DECISION AND ORDER**

### **I. Introduction**

On August 9, 2000, Paul McGarry (McGarry) challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

### **II. Procedural History**

McGarry filed several applications for disability benefits.[1] All of his prior applications were denied. McGarry appealed the denial of his latest applications[2] and a hearing was conducted by Administrative Law Judge (ALJ) Daniel G. Heely. On December 22, 1998, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

---

[1] The ALJ properly pointed out that McGarry failed to avail himself of the appeals process, thereby waiving his right to appeal. Because McGarry neglected to assert good cause for reopening his previous applications for SSI and SSDI, the ALJ properly considered only McGarry's present application for SSI benefits.

[2] McGarry's latest application for SSDI benefits was protectively filed on July 12, 1997, and his latest application for SSI benefits was protectively filed on April 2, 1998. The ALJ properly dismissed McGarry's SSDI application because a prior determination that denied benefits was issued after the date McGarry was last insured under the Social Security Act.

### III. **Contentions**[3]

McGarry contends that the Commissioner's decision is not supported by substantial evidence. More specifically, he claims that the ALJ: (1) misinterpreted the medical evidence and (2) mischaracterized his daily activities. The Commissioner counters that substantial evidence supports the ALJ's disability decision.

### IV. **Facts**

The evidence in this case is undisputed, and the court incorporates the parties' factual recitations. *See Pl.'s Br., p. 2, Dkt. No. 20; Def.'s Br., pp. 3-10, Dkt. No. 19.*

### V. **Discussion**

### A. **Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is

---

[3]Although McGarry's objections to the ALJ's decision were nearly incomprehensible, the court construed his arguments liberally, noting that he is a *pro se* claimant.

made by an ALJ. The ALJ's decision is subject to judicial review. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an

analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

**B.  Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[4] The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[5] Step One requires the ALJ to

---

[4]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[5] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

determine whether the claimant is presently engaging in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is engaged in SGA, he will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

      The claimant has the burden of showing that he cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir.

1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here, the ALJ found that McGarry satisfied Step One because he had not engaged in substantial gainful activity since April 2, 1998, the date of his latest application for SSI benefits.  In Step Two, the ALJ determined that he suffered from degenerative disc disease and thoracic kyphosis.[6]  In Step Three, the ALJ determined that his impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.  In Step Four, the ALJ determined that McGarry was able to perform his past relevant work as an engineer and electrical technician.  In Step Five, the ALJ determined that McGarry possessed the RFC for medium work.  Consequently, he found McGarry not disabled and denied benefits.

## C. Medical Evidence

---

[6]Thoracic kyphosis is an "abnormally increased convexity in the curvature of the thoracic spine as viewed from the side...[a] hunchback."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

McGarry argues[7] that the ALJ's disability determination was inconsistent with the medical evidence in the record. This contention is without merit. The ALJ properly based his disability determination on the objective evidence, considering records of both McGarry's treating physicians and state agency physicians.

The ALJ considered the medical records of McGarry's treating physicians, Drs. Baldwin, Wujciak, and McGowen. Dr. Baldwin, an orthopedist who first treated McGarry in 1990 for his back, concluded that he had moderate dorsal kyphosis and mild tenderness at D10 level midline. (Tr. 255-256). Dr. Baldwin referred McGarry to physical therapy and gave him back exercises to perform at home. (Tr. 255).

In 1991, McGarry was treated by Dr. Wujciak, an orthopedist at Strong Memorial Hospital in Rochester. (Tr. 258). Dr. Wujciak recommended that McGarry wear a back brace for three months. *Id.* Dr. Wujciak did not find any neurologic deficit of the upper or lower extremities and concluded that McGarry had mild degenerative disc disease and mild kyphosis. (Tr. 259). Dr. Baldwin noted in 1991 that McGarry was doing well and did not need to return if he continued to feel better. (Tr. 255).

---

[7]This is the only legal argument that the court could educe from McGarry's objections. His other assertions do not amount to cognizable legal arguments.

In December 1991, McGarry was seen by Dr. McGowen, another physician at Strong Memorial Hospital. Dr. McGowen recommended a course of conservative treatment and surmised in his office notes that McGarry was not wearing his back brace full-time as he was ordered. (Tr. 265). In 1992, Dr. McGowen noted that McGarry claimed to be "able to perform activities of daily living (cooking, light duty cleaning) without much difficulty." (Tr. 266). In that same report, Dr. McGowen noted that McGarry was able to bend over without much difficulty and was able to return to an upright position again independently. *Id.*

The ALJ also considered the opinions of two non-examining consulting physicians. "State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such their opinions may constitute substantial evidence if they are consistent with the record as a whole." *Leach ex rel. Murray v. Barnhart*, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004) (citing 20 C.F.R. § 416.927(f)[8]; *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)); *see Diaz v. Shalala*, 59 F.3d 307, 313 (2d Cir. 1995); *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

---

[8]This section is the identical counterpart to 20 C.F.R. § 404.1527(f), in the context of supplemental security income.

In March 1992, a non-examining consultant determined that McGarry was capable of performing light exertional level work. (Tr. 71-79). In August of that year, another non-examining consultant determined that McGarry was capable of performing medium exertional level work. (Tr. 118-126). The RFC determination is also supported by a 1996 medical report stating that McGarry could work and was limited only in lifting, carrying, stooping, and bending while holding more than twenty pounds. (Tr. 280). These opinions were consistent with the medical record. Therefore, the ALJ's decision was based on substantial evidence.

## D.  Subjective Complaints of Pain Daily Activities

McGarry also suggests[9] in his objections that the ALJ discounted his complaints of disabling pain and mischaracterized his daily activities. The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical

---

[9]The court has construed McGarry's arguments in the light most favorable to him.

evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[10] or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider

---

[10] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

other factors.  These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p.  "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p.  Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

McGarry claims that he suffers from chronic and persistent pain that precludes him from engaging in his past relevant work.  In particular, McGarry alleges that he suffers from severe back pain.  The ALJ properly noted that he lives a normal daily life with very few limitations.  The ALJ summarized McGarry's daily activities which include traveling, caring for his personal needs, going shopping, and taking public transportation.  (Tr. 102-103).  The ALJ properly indicated that he considered the factors set out in

SSR 96-7p,[11] including McGarry's daily activities and medical findings. The medical evidence belied McGarry's contention of disabling pain. Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

November 16, 2005
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

---

[11] SSR 96-7p provides that the ALJ should consider the "medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about symptoms and how they affect the individual, and any other relevant evidence in the case record."